Dennis R. SISTRUNK, et al.

v.

CONOCO, INC.

Civ. A. No. 87–5643.

United States District Court,
E.D. Louisiana.

Aug. 26, 1988.

Strauss and Associates, Berney L. Strauss, T.A., Patricia M. Haynes, New Orleans, for plaintiffs.

Christovich & Kearney, Brady D. King, II, New Orleans, La., for Highlands Ins. Co. & Dual Marine, Inc.

Nesser & King, John Nesser, Patricia A. Krebs, Eric E. Jarrell, New Orleans, La., for Conoco, Inc. and Conoco Pipeline Co.

## ORDER AND REASONS

ARCENEAUX, District Judge.

This matter comes before the Court on motion for summary judgment filed by the defendant, Conoco, Inc. ("Conoco"). Having thoroughly reviewed the record, the memoranda of counsel and the law, the Court has determined that summary judgment is appropriate for the reasons set forth hereinafter.

The plaintiff Dennis R. Sistrunk ("Sistrunk") filed this suit under diversity, the Outer Continental Shelf Lands Act and the general maritime law[1] seeking recovery for personal injuries allegedly sustained while working for Dual Drilling Company ("Dual") as a derrickman on its rig located on a Conoco platform off the coast of Louisiana. Specifically, the plaintiff alleges that he was injured while standing on a monkey board with an extension on the Dual rig pulling pipe out of a hole, when he tripped on the allegedly defective monkey board and fell. He has sued Conoco for negligence and strict liability under La.Civ. Code art. 2315, 2317 and 2322. His wife has brought a claim for loss of services and consortium.

In this motion, Conoco argues that summary judgment is appropriate on each theory advanced by the plaintiffs. First, it argues that the monkey board was not an appurtenance to the platform for purposes of Art. 2322, and alternatively that the third party fault of Dual provides an complete defense to this claim. Secondly, Conoco argues that it was not at fault in any way and cannot be found negligent for any Dual negligence or fault. Finally, Conoco argues that it is not liable under La.Civ. Code art. 2317 because it did not have custody of the monkey board. The plaintiffs argue that the monkey board was clearly an appurtenance to the platform, that the defense of third party fault is not available to Conoco, and that Conoco had the requisite custody of the monkey board under Art. 2317.

### Article 2322 Liability

It is uncontested that Dual owned the monkey board and that Dual attached both the extension to the monkey board and the monkey board to the Dual rig. Under its contract with Conoco, Dual obligated itself to provide laborers and all necessary equipment, including the monkey board and other rigging and tools involved in Sistrunk's accident. It is also undisputed that the monkey board was attached to the rig with eight bolts and was easily removable without damage to either itself or the rig.[2] It would be moved by Dual as needed to facilitate Dual's work.

■ Under Art. 2322, a building owner is strictly liable for the damage occasioned by its ruin, when it is caused by a neglect to repair or is the result of a vice in its original construction. A fixed platform is clearly a "building," and necessary appurtenances to it and movables made im-

---

1. The Court's maritime jurisdiction over this matter has not been established and is apparently abandoned.

2. The monkey board in this case was made of expansion metal, about two feet in width, about four feet in length, and was located about 85–90 feet above the drill floor. It was cantilevered out from a piece of pipe that moved in a lateral direction. The board could be moved along that pipe and served as a platform on which the plaintiff stood while handling Dual's pipe during the drilling operation.

movable by attachment are also included in the term. *Olsen v. Shell Oil Co.*, 365 So.2d 1285 (La.1978). To impose liability under Art. 2322, the plaintiff must initially show that the monkey board was with some degree of permanence, an integral part of the platform. *Walker v. Tenneco Oil Co.*, 615 F.2d 1121 (5th Cir.1980). In determining whether an attachment is an appurtenance, the Court considers how securely the addition is attached to the building and the degree of permanence the parties intend for the addition. *Steele v. Helmerich & Payne International Drilling Co.*, 738 F.2d 703 (5th Cir.1984). In addition, whether an attachment is considered permanent under La.Civ.Code art. 466 is one factor which should be considered in deciding whether the attachment is an appurtenance. *Steele, supra.*

Conoco argues that the monkey board is analgous to the stabbing board involved in the *Steele* case. Indeed, the only noteworthy difference between the two boards is the intended length of attachment. In *Steele, supra*, the stabbing board was intended for use only two or three days. In this case, no length has been specified by either party; however, it is uncontested that the monkey board was removed whenever Dual wanted it to be. It is clear that the monkey board was not permanently attached to the platform nor was it intended to be so permanently attached; it was not, with any significant degree of permanence, an integral part of the platform. It was designed for removal and its removal caused no damage whatsoever. Therefore, the monkey board cannot be considered either a necessary appurtenance to the platform or a movable made immovable by attachment.

This conclusion does not conflict with the holding of *Olsen, supra.* In that case, Judge Tate began his discussion of Art. 2322 "buildings" with the following premise: "In the context of the Louisiana Civil Code, a 'building' is a type of permanent construction that would be classified as an immovable." *Olsen, supra* at 1290. The subsequent discussion of "appurtenances" did not relate to the issue of attachment, but related to the issue of ownership, an issue not relevant here. Judge Tate perceived the true issue to concern the non-delegability of the owner's duty under Art. 2322, and refused to apply the Code's requirement of unity of ownership for immovables by nature or destination. *Olsen, supra* at 1290–1291.

Since the issuance of the *Olsen* decision, the entire section of the Code relative to immovables has been rewritten. The categories of immovables by nature, immovables by destination and immovables by their object were eliminated; immovables are now classified only as corporeal or incorporeal. *See:* Student Symposium, "The Work Of The Louisiana Legislature For The 1978 Regular Session," 39 *La.L.Rev.* 101, 166 (1978). Under Arts. 465 and 466, things incorporated into a building so as to become an integral part of it, and things permanently attached to a building are its component parts. Both articles include the jurisprudential concept set out in *Olsen, supra*, that unity of ownership of the component part and the building is not required. These revisions resolve *Olsen's* ownership conflict between the former articles on immovables by nature and destination and the intent of Art. 2322.

What remains significant in an analysis of what constitutes an "appurtenance," is Judge Tate's premise in *Olsen* that for purposes of Art. 2322, a "building" is that which is classified by the Code as an immovable. Immovables are now clearly defined by the Code to include buildings and their component parts by virtue of incorporation or permanent attachment. The revised Art. 466 creates a substantive change in the law by requiring only that a component part of a building be "permanently attached." For the first time, the Code defines what is "permanently attached." [3]

The Fifth Circuit is not unmindful of the significance of this revision to the Code.

---

**3.** Art. 466 was amended in 1979 to provide: "Things are considered permanently attached if they cannot be removed without substantial damage to themselves or to the immovable to which they are attached."

While it hesitated to classify a snubbing unit causing injury prior to the revisions to the Code as a non-appurtenance in *Walker, supra,* it emphasized that the snubbing unit was not, "without some degree of *permanence,* an integral *part* of the building." *Walker, supra* at 1124 (emphasis added). More importantly, in *Steele, supra,* the Fifth Circuit added Art. 466 as a consideration to be made in determining whether an attachment is an appurtenance for purposes of Art. 2322. In so doing, it specifically noted that the amendment to Art. 466 casts doubt on the viability of one of its previous decisions. *Steele, supra* at 706. While the monkey board in this matter is clearly not an appurtenance under previously established jurisprudence, the Court also concludes that an exhaustive examination of such caselaw is no longer required. This Court holds that revised Art. 466 now provides the sole criteria for its classification as an appurtenance under Louisiana law.[4]

■ Even if the monkey board could be construed as an appurtenance, the plaintiffs have not otherwise articulated and shown how the monkey board was defective, and how the injuries were caused by virtue of said defect. Liability under 2322 is visited upon an owner only when the plaintiff proves that there was a "ruin" caused by a vice in construction or neglect to repair. *Steele, supra* at 704. Discovery deadlines in this matter have passed, and *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) mandates the entry of summary judgment under these circumstances.

### Negligence

Conoco also moves for summary judgment on the plaintiffs' claim of negligence.[5]

It argues that it was not at fault in any way and did not contribute to the accident in any way. It had no involvement whatsoever with the monkey board, its alteration, rigging or use. Rather, the accident resulted solely from the fault of Dual.

■ It is established that Conoco, as principal, is not liable for the acts of its independent contractor committed in the course of performing its contractual duties, unless the principal has reserved the right to control the work of the independent contractor. The amount of control retained in the contract is more significant than that which is actually exercised by the principal. *Ainsworth v. Shell Offshore, Inc.,* 829 F.2d 548 (5th Cir.1987), *cert. denied* — U.S. ——, 108 S.Ct. 1593, 99 L.Ed.2d 908 (1988). In addition, a principal does not have a duty under Louisiana law to intervene in the operations of an independent contractor in order to correct a dangerous condition or work procedure created by the independent contractor. *Ainsworth, supra* at 551.

■ In this matter, it is clear that Conoco did not contractually reserve the right to direct the details of Dual's work. In addition, no articulation and no evidence of Conoco's active negligence have been presented by the plaintiffs. Again, under these circumstances, the entry of summary judgment is mandated. *Celotex, supra.*

### Article 2317 Liability

■ Finally, Conoco argues that it cannot be held liable under Art. 2317 for injury sustained as the result of the allegedly defective monkey board because it did not have custody of it. Instead, the monkey board was owned by Dual, and its installation and use was exclusively controlled by Dual.

4. As stated in Comment (c) to La.Civ.Code art. 1:

    In Louisiana, as in other civil law jurisdictions, legislation is superior to any other source of law. Article 1 of the Louisiana Civil Code of 1870 [now Art. 2], declaring that legislation is a formal expression of legislative will, has been interpreted to establish the supremacy of legislation and to exclude judicial legislation. It is only in cases not covered by legislation that a lawyer or judge may look for solutions elsewhere.

5. The plaintiffs' opposition does not specifically acknowledge the presence of the defendant's argument relative to negligence. However, the argument is clearly set forth and discussed in the argument relative to third party fault. In view of the Court's ruling on the issue of Art. 2322 liability, the issue of third party fault as a defense is not discussed.

In order to establish liability under Art. 2317, the plaintiff must show that the thing that caused the damage or injury was in the custody or care of the defendant, that there was a vice or defect in the thing, and that the vice or defect caused the damage or injury. "Custody" is defined as supervision or control. *Ainsworth, supra* at 551. While the plaintiffs assert that "there is ample evidence to support a finding by the jury that Conoco had such custody," it provides the Court with *no* evidence which in any way reflects custody. (Doc. 25, p. 7). Instead, the plaintiffs point to caselaw derived from facts which suggest the requisite control and supervision. Here, the uncontroverted facts not only support the contrary conclusion, but the plaintiffs have failed in their burden under Fed.R.Civ.Pro. 56. In addition, the plaintiffs have failed to articulate and show that there was a vice or defect in the monkey board which caused injury. Summary judgment is appropriate.

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by Conoco, Inc., previously noticed for hearing on August 24, 1988, is hereby GRANTED.